

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-81,195-06, WR-81,195-07, WR-81,195-08, WR-81,195-09 & WR-81,195-10

### EX PARTE WILLIAM ALBERT SCHATTE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 23006, 23007, 23008, 23009 & 23010
### IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four aggravated sexual assaults of a child and sentenced to ninety-nine years' imprisonment in each case. He was also convicted of indecency with a child by contact and was sentenced to twenty years' imprisonment in that case. The Sixth Court of Appeals affirmed his convictions. *Schatte v. State*, Nos. 06-10-00166, 06-10-00167, 06-10-00168, 06-10-00169 & 06-10-00170 (Tex. App.—Texarkana May 26, 2011) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because, among other things, he did not convey a plea offer and did not advise Applicant of the full range of punishment while advising Applicant that the jury would not sentence him to more than six years' confinement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. Should the trial court determine that counsel did not convey plea offers, it shall make findings addressing harm in accordance with the factors set forth in *Ex parte Argent*.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

---

[1] 393 S.W.3d 781 (Tex. Crim. App. 2013).

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 22, 2014
Do not publish